# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# AT MEMPHIS

| | |
|---|---|
| **KIMBERLY DIEI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:21-cv-02071-JTF-cgc |
| ) | |
| **RANDY BOYD, ET AL.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT REPORT OF RULE 26(f) CONFERENCE AND DISCOVERY PLAN

On June 29, 2021, Greg Harold Greubel and Katlyn A. Patton, counsel for Plaintiff Kimberly Diei, and Frank H. Lancaster, counsel for Defendants, participated in a Rule 26(f) conference by telephone. In the conference, the Parties discussed the matters addressed in Rule 26(f) and agreed as follows.

1. The Parties will complete Initial Disclosures by July 16, 2021. No changes in the timing, form, or requirement for disclosures under Rule 26(a) are proposed or known at this time.

2. Discovery will be needed concerning the basis for Defendants' investigation and alleged discipline of Plaintiff; Defendants' alleged monitoring of Plaintiff's social media use; Defendants' practices and policies concerning student social media use and Defendants' alleged monitoring thereof; the policies, practices, and governing documents of Defendants' professionalism committee(s); Defendant George's communications concerning Plaintiff; Plaintiff's alleged injuries, losses, damages and medical history; and identification of lay and expert witnesses.

3. Per the Proposed Scheduling Order, the Parties will complete discovery by January 31, 2022.

4. At this time, no changes are requested to the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rule, including with respect to the number of interrogatories, requests for admission, and depositions permitted, and the length of such depositions.

5. The Parties will exchange expert witness reports as set forth in the Proposed Scheduling Order. Plaintiff will exchange expert witness reports by December 1, 2021. Defendants will exchange expert witness reports by January 10, 2022.

6. The Parties will provide supplementations to their discovery responses under Federal Rule of Civil Procedure 26(e) by January 10, 2022.

7. The Parties discussed the prospects for settlement, and are not in a position to settle this action before exchanging initial discovery and before the Court rules on Defendants' pending motions to dismiss, one of which includes a qualified immunity defense. Both parties remain open to settlement discussions in the future. No alternative dispute resolution procedure will enhance settlement prospects at this time.

8. The Parties discussed final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, exhibit lists, and objections, and agree that these dates will be determined by the date upon which the Court sets trial. The Parties estimate trial will last approximately eight days.

9. The parties plan to seek electronically stored information in discovery. Production of electronically stored information will be made in native electronic format, and/or in PDF format. To the extent reasonably possible, the parties will ensure that all documents

produced in electronic format are searchable (with OCR (Optical Character Recognition)), readable, with metadata intact. Any electronically stored information in possession or control of either party shall be preserved and retained until final resolution of this action. Should privileged or trial preparation materials not subject to discovery be inadvertently produced, counsel agrees that opposing counsel shall return such materials, make no copies or use of such materials and will not disclose the contents thereof to anyone other than opposing counsel.

10. Counsel do not anticipate having to involve the Court in discovery but reserve the right to file motions for the Court's ruling with regard to materials sought to be protected from disclosure as privileged or as trial preparation materials. The Parties expect that pretrial discovery, pretrial motions, and/or trial of this action may involve students' education records that are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA), and its implementing regulations, 34 C.F.R. §§99.1 *et seq.* The Parties have agreed to discuss and enter into a Confidentiality Agreement governing the production and use of student education records subject to FERPA in this action.

11. Counsel do not presently anticipate the need for any orders of the Court other than those issued under Rules 26(c), 16(b), and 16(c).

12. Subjects To Be Discussed at Scheduling Conference – Pursuant to footnote 1 of the Court's Case Management Instructions, the Parties note that there are two pending motions to dismiss pursuant to Rule 12(b)(6) (Ct. Docs. 24-25), and that one of the motions raises issues of qualified immunity.

        Respectfully submitted,

| | |
|---|---|
| /s/ Greg Harold Greubel | /s/ Edd Peyton |
| GREG HAROLD GREUBEL | EDD PEYTON |
| PA Bar No. 321130; NJ Bar No. 171622015 | TN Bar No. 25635 |
| (admitted *pro hac vice*) | SPICER RUDSTROM, PLLC |
| KATLYN A. PATTON | 119 South Main, Suite 700 |
| PA Bar No. 328353; OH Bar No. 097911 | Memphis, Tennessee 38103 |
| (*pro hac vice* forthcoming) | Tel: (901) 522-2318 |
| FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION | Fax: (901) 526-0213 |
| 510 Walnut Street, Suite 1250 | epeyton@spicerfirm.com |
| Philadelphia, PA 19106 | |
| Tel: (215) 717-3473 | |
| Fax: (215) 717-3440 | |
| greg.greubel@thefire.org | |

        *Attorneys for Plaintiff*

/s/ Frank H. Lancaster
Frank H. Lancaster, BPR # 030650
Associate General Counsel
University of Tennessee
719 Andy Holt Tower
Knoxville, TN 37996-0170
(865) 974-3245
flancast@tennessee.edu

        *Attorney for Defendants*