# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| KIMBERLY DIEI,<br><br>    *Plaintiff*,<br><br>v.<br><br>RANDY BOYD, *in his individual and official capacity as President of the University of Tennessee System*; CHRISTA GEORGE, *in her individual and official capacity as Chair of the University of Tennessee Health Science Center College of Pharmacy's Professional Conduct Committee*; BRAD BOX; JOHN COMPTON; CHARLES HATCHER; DECOSTA JENKINS; KARA LAWSON; AMY MILES; WILLIAM RHODES III; DONNIE SMITH; KIM WHITE; ALAN WILSON, AND; JAMIE WOODSON, *in their official capacities as members of the Board of Trustees of the University of Tennessee*,<br><br>    *Defendants*. | No.: 2:21-cv-02071-JTF-cgc<br><br>**JOINT MOTION TO<br>STAY DISCOVERY** |

      Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.2(c), the Parties in the above-captioned action respectfully submit this Joint Motion to Stay Discovery Deadlines and request that the Court modify the Scheduling Order (Doc. No. 42). After engaging in discovery in good faith, the Parties now believe that there is good cause for a modification of the Scheduling Order in the manner requested below. In support of this motion, the Parties state as follows:

1. On February 3, 2021, Plaintiff Kimberly Diei filed this lawsuit alleging violations of her First Amendment free speech and Fourteenth Amendment due process rights. (Doc. No. 1). Ms. Diei asserted claims challenging the facial validity of University of Tennessee policies, as well as claims asserting that the University applied its policies to her in an unconstitutional manner and retaliated against her for exercising her First Amendment rights.

2. On March 1, 2021, Defendants filed two motions to dismiss the lawsuit. (Doc. Nos. 24–25.). Ms. Diei timely opposed both motions on April 9, 2021 (Doc. No. 32), and the Defendants filed their reply on April 29, 2021 (Doc. No. 35.). These motions could be dispositive of this case and remain pending as of the time of this filing.

3. On July 15, 2021, the Court entered a Scheduling Order in this case. (Doc. No. 42.). The Parties are scheduled to appear before the Court for a Status Conference on January 28, 2022. No trial date has yet been set in this matter.

4. While awaiting a ruling on the pending motions to dismiss, the Parties have engaged cooperatively and in good faith to exchange initial disclosures and complete a significant amount of written discovery. Specifically, the Parties have provided each other the following disclosures and discovery responses:

    a. Plaintiff's Rule 26(a)(1) Initial Disclosures, served July 16, 2021;

    b. Defendants' Rule 26(a) Initial Disclosures, served July 16, 2021;

    c. Defendant Dr. Christa George's Responses to Plaintiff's First Set of Interrogatories, served November 1, 2021;

    d. Defendant President Randy Boyd's Responses to Plaintiff's First Set of Interrogatories, served November 1, 2021;

e. Defendant University of Tennessee Board of Trustees Members' Responses to Plaintiff's First Set of Interrogatories, served November 1, 2021;

f. Defendant Dr. Christa George's Responses to Plaintiff's First Set of Requests for Production, served November 1, 2021;

g. Defendant President Randy Boyd's Responses to Plaintiff's First Set of Requests for Production, served November 1, 2021;

h. Defendant University of Tennessee Board of Trustee Members' Responses to Plaintiff's First Set of Requests for Production, served November 1, 2021;

i. Plaintiff's Answers to Defendants' First Set of Interrogatories, served November 8, 2021;

j. Plaintiff's Responses to Defendants' First Set of Requests for Production, served November 8, 2021; and

k. Plaintiff's Responses to Defendants' First Set of Requests for Admission, served November 8, 2021.

5. The Parties are currently engaging in a good faith negotiation concerning a Joint Protective Order, which would allow the Parties to exchange certain confidential information. For example, Defendants' position is that, under the Family Educational Rights and Privacy Act ("FERPA"), certain documents and information cannot be lawfully produced absent a Court Order, and a number of the Plaintiff's discovery requests seek information that relates to other students and that the Defendants believe constitutes a FERPA-protected education record of those other students. *See* 34 C.F.R. § 99.31(a)(9).

6. Additionally, a protective order will also protect Plaintiff's personal information, including her medical records relating to her claim for emotional distress. (*See* Compl., Doc. No. 1, ¶ 100.)

7. As such, the Parties respectfully request that the Court temporarily stay further discovery until the Parties receive the Court's ruling on the forthcoming proposed Joint Protective Order. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

8. An agreed stay in discovery cannot be implemented by the parties without the Court's approval, because awaiting the Court's ruling on the Joint Protective Order before engaging in further discovery would likely cause the parties to miss the following deadlines:

- December 1, 2021 and January 10, 2022 – Expert Witness Disclosures
- January 24, 2022 - Mediation
- January 31, 2022 – Completion of All Written Discovery
- March 2, 2022 – Motions to Exclude Experts/*Daubert* Motions
- March 2, 2022 – Dispositive Motions

9. In view of the above, the Parties propose the following:

   a. **COMPLETING ALL DISCOVERY:** Five months after the entry of the Court's Order on the Joint Protective Order.

   b. **WRITTEN DISCOVERY:** One hundred and twenty (120) days after the entry of the Court's Order on the Joint Protective Order.

    c. **DEPOSITIONS:** Five months after the entry of the Court's Order on the Joint Protective Order.

    d. **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION:** Ninety (90) days after the entry of the Court's Order on the Joint Protective Order.

    e. **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION:** One hundred and twenty (120) days after the entry of the Court's Order on the Joint Protective Order.

    f. **EXPERT WITNESS DEPOSITIONS:** Five months after the entry of the Court's Order on the Joint Protective Order.

    g. **MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS:** Seven months after the entry of the Court's Order on the Joint Protective Order.

    h. **FILING DISPOSITIVE MOTIONS:** Seven months after the entry of the Court's Order on the Joint Protective Order.

    i. **MEDIATION:** Five months after the entry of the Court's Order on the Joint Protective Order.

10.    A proposed order reflecting these deadlines is attached as Exhibit A to this motion and will be submitted to the Court's chambers via email.

11. The parties stipulate that either party is free to request any necessary relief in this case, including filing a motion for a protective order or requesting the Court to revise the Scheduling Order at any time to reimpose specific-date deadlines if events should cause that party to need to request that relief, and the fact that the party joined this motion will not be construed as a reason to deny any such request.

Respectfully submitted,

| | |
|---|---|
| */s/ Greg Harold Greubel* | */s/ Edd Peyton* |
| GREG HAROLD GREUBEL | EDD PEYTON |
| PA Bar No. 321130; NJ Bar No. 171622015 | TN Bar No. 25635 |
| (admitted *pro hac vice*) | SPICER RUDSTROM, PLLC |
| KATLYN A. PATTON | 119 South Main, Suite 700 |
| PA Bar No. 328353; OH Bar No. 097911 | Memphis, Tennessee 38103 |
| (admitted *pro hac vice*) | Tel: (901) 522-2318 |
| FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION | Fax: (901) 526-0213 |
| | epeyton@spicerfirm.com |
| 510 Walnut Street, Suite 1250 | |
| Philadelphia, PA 19106 | |
| Tel: (215) 717-3473 | |
| Fax: (215) 717-3440 | |
| greg.greubel@thefire.org | |
| katlyn.patton@thefire.org | |

*Attorneys for Plaintiff*

*/s/ Frank H. Lancaster*
Frank H. Lancaster, BPR # 030650
Associate General Counsel
University of Tennessee
719 Andy Holt Tower
Knoxville, TN 37996-0170
(865) 974-3245
flancast@tennessee.edu

*Attorney for Defendants*                                              Date: November 30, 2021