IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY DIEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02071-JTF-cgc |
| ) | |
| RANDY BOYD, ET AL., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PARTIES' JOINT PROTECTIVE ORDER**

Before the Court is Plaintiff Kimberly Diei and Defendant Randy Boyd, et al's (collectively the "Parties") Motion for Entry of Joint Protective Order, filed on December 10, 2021. (ECF No. 47.) Trial courts possess "broad discretion to decide when a protective order is appropriate and the degree of protection that is required." *Steede v. Gen. Motors LLC*, No. 2:11-cv-02351-STA-dkv, 2012 U.S. Dist. LEXIS 81103, at *6 (W.D. Tenn. Apr. 11, 2012) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). For good cause shown, and upon consent of the Parties, the Motion is **GRANTED**. Accordingly, the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents produced by the Parties in this case:

I. **Definitions**

1. "FERPA-Protected Information" means students' education records that are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA), and its implementing regulations, 34 C.F.R. §§ 99.1 *et seq*.

2. "Other Confidential Information" means Plaintiff's personal information that is not FERPA-Protected Information, including but not limited to information concerning Plaintiff's

1

treatment for emotional distress, financial information, and employment information

3. "Confidential Information" means FERPA-Protected Information and Other Confidential Information.

## II.    Requirements Regarding Confidential Information

4. The Parties agree that any Party may designate as "CONFIDENTIAL" any document, testimony, information, or material described in Section I of this Order. To the extent that a party disagrees with a "CONFIDENTIAL" designation, such party shall inform the other party of the disagreement in an effort to resolve the disagreement prior to resorting to the provisions of paragraph 9 below.

5. Any writing designated as "CONFIDENTIAL" by a Party may be stamped with the word "CONFIDENTIAL" on the face of the writing.

6. Any party may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

7. Except upon prior written consent of the party asserting the "CONFIDENTIAL" treatment or upon further order of the Court, documents, testimony, information, or material designated as "CONFIDENTIAL" under paragraph 4 shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information, or material shall be limited to the following:

    a. Counsel for the respective parties, including in-house counsel and co-counsel and employees of said counsel who are assisting the prosecution or defense of this litigation;

    b. Parties or officers or employees of the respective parties or the University

of Tennessee who have a reasonable business need to review such documents, testimony, information, or material; and

c. Witnesses and potential witnesses identified through discovery who have a reasonable need to review such documents, testimony, information, or material for purposes of this litigation, provided that such witnesses and potential witnesses are provided with a copy of this Order and informed that documents, testimony, information, or material designated as "CONFIDENTIAL" under paragraph 4 shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation.

8. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in the sole possession of counsel for the respective Parties or the Parties themselves and be stored in a secure place.

9. If any Party objects to the designation of any document, testimony, information, or material marked as "CONFIDENTIAL," it or they may, by noticed motion, apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the documents, testimony, information, or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Confidentiality Agreement.

10. Should any party hereto seek to use any "CONFIDENTIAL" document, testimony, information, or material in a public filing or at trial or a hearing in this matter, that party shall confer with counsel for the opposing party in an effort to agree upon a procedure to ensure the confidentiality of such document, testimony, information, or material. In the event that counsel is

unable to reach agreement, the matter will be submitted to the Court and no "CONFIDENTIAL" document, testimony, information, or material will be made public before the parties receive direction on the matter from the Court.

III. **Additional Provisions Regarding FERPA-Protected Information**

11. Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9)(i), in response to discovery requests or as otherwise necessary for use in this action through and including trial, Defendants, the University of Tennessee, or their representatives are permitted to disclose FERPA-Protected Information.

12. Before disclosure of any such FERPA-Protected Information, the University of Tennessee shall make a reasonable effort to provide notification of this Order to any student whose records are to be disclosed in advance of the disclosure so that the eligible student may seek protective action pursuant to 34 C.F.R. § 99.31(a)(9)(ii) if he or she chooses to do so. The University of Tennessee may provide such notification in form or substance substantially similar to Exhibit A to this Order.

13. The FERPA-Protected Information disclosed pursuant to this Order may be used by any party or any representative or agent of any party only for purposes of this litigation and subject to the procedures and limitations set forth in Section II of this Order.

14. The FERPA-Protected Information disclosed pursuant to this Order and all copies thereof must be either returned to the University of Tennessee or destroyed after the conclusion of this litigation, which includes any appeal(s).

**IT IS SO ORDERED** this 15th day of December, 2021.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

**Exhibit A**

Dear _____:

In the case of *Kimberly Diei v. Randy Boyd, et al.*, Case No. 2:21-cv-02071-JTF-cgc pending before the Honorable Judge John T. Fowlkes, Jr., in the United States District Court for the Western District of Tennessee, a party has requested to be provided with certain information relating to you that constitutes education records that are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (FERPA), and its implementing regulations, 34 C.F.R. §§ 99.1 *et seq*. This information will be provided by the University of Tennessee to the Plaintiff pursuant to a Court Order, a copy of which is attached. This information includes [DESCRIBE THE DOCUMENTS/INFORMATION TO BE PROVIDED].

This notice is provided to you so that you may seek protective action pursuant to 34 C.F.R. § 99.31(a)(9)(ii) if you choose to do so. 34 C.F.R. § 99.31(a)(9)(i)-(ii) states in relevant part as follows:

> (a) An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by §99.30 if the disclosure meets one or more of the following conditions:
>
> \*   \*   \*
>
> (9)(i) The disclosure is to comply with a judicial order or lawfully issued subpoena.
>
> (ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action . . .

If you wish to seek protective action, please notify the Court, with copies to counsel for all parties, by no later than FILL IN DATE 14 DAYS FROM DATE OF NOTICE. Please use the following e-mail addresses to provide any such notification:

- The Court: ECF_Judge_Fowlkes@tnwd.uscourts.gov

- The Plaintiff's Counsel: greg.greubel@thefire.org; katlyn.patton@thefire.org; epeyton@spicerfirm.com.

- The Defendants' Counsel: flancast@tennessee.edu