## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## AT MEMPHIS

| | |
|---|---|
| **KIMBERLY DIEI,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    Civil Action No. 2:21-cv-02071-JTF-cgc |
| | ) |
| **RANDY BOYD, ET AL.** | ) |
| | ) |
|     **Defendants.** | ) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS ALL CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF <u>FOR LACK OF SUBJECT MATTER JURISDICTION - MOOTNESS</u>**

# TABLE OF CONTENTS

                                                                                                                                 **Page**

TABLE OF CASES ................................................................................................................ ii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    THE PARTIES AGREE THAT THE COURT SHOULD
           ENTIRELY DISMISS THE FIRST CAUSE OF ACTION AS MOOT. ............. 2

    II.   THE PARTIES AGREE THAT THE COURT SHOULD
           ENTIRELY DISMISS ALL PLAINTIFF'S CLAIMS FOR
           INJUNCTIVE RELIEF AS MOOT. ...................................................................... 2

    III.  THE COURT SHOULD DISMISS PLAINTIFF'S
           OFFICIAL CAPACITY CLAIMS FOR DECLARATORY RELIEF
           IN THE SECOND, THIRD AND FIFTH CAUSES OF ACTION
           ON ELEVENTH AMENDMENT GROUNDS. ..................................................... 3

    IV.  THE COURT SHOULD DISMISS PLAINTIFF'S
           INDIVIDUAL CAPACITY CLAIMS FOR DECLARATORY RELIEF
           IN THE FOURTH AND FIFTH CAUSES OF ACTION AS MOOT
           UNDER CIRCUIT PRECEDENT. ........................................................................ 5

    V.   THE COURT SHOULD DISMISS THE FOURTH AND FIFTH
           CAUSES OF ACTION IN THEIR ENTIRETY. .................................................. 9

CONCLUSION ....................................................................................................................... 10

## TABLE OF CASES

*Benison v. Ross*, 765 F.3d 649 (6th Cir. 2014) ................................................................................9

*Crue v. Aiken*, 370 F.3d 668 (7th Cir. 2004)....................................................................................5

*Ex parte Young*, 209 U.S. 123 (1908)..........................................................................................3-5

*Hooban v. Boling*, 502 F.2d 648 (6th Cir. 1974) .............................................................................8

*Jones v. United States*, No.2:20-cv-02331-JTF-tmp,
   2021 WL 981298 (W.D. Tenn. March 16, 2021) ........................................................................5

*Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996)...............................................................................6, 8

*Kanuszewski v. Mich. Dep't of Health and Human Svcs.*, 927 F.3d 396 (6th Cir. 2019)................3

*Mikel v. Quin*, 58 F.4th 252 (6th Cir. 2022) ....................................................................................4

*Morgan v. Bd. of Prof. Resp. of the Supreme Court of Tenn.*, 63 F.4th 510 (6th Cir. 2023)...........4

*PeTA v. Rasmussen*, 298 F.3d 1198 (10th Cir. 2002).................................................................. 5-6

*Powell v. McCormack*, 395 U.S. 486 (1969) ...................................................................................6

*Russell v. Lundergan-Grimes*, 784 F.3d 1037 (6th Cir. 2015) ........................................................5

*S&M Brands, Inc. v. Cooper*, 527 F.3d 500 (6th Cir. 2008)............................................................3

*Sandison v. Michigan High School Athletic Ass'n, Inc.*, 64 F.3d 1026 (6th Cir. 1995) ..................8

*Sensabaugh v. Halliburton*, 937 F.3d 621 (6th Cir. 2019) ..............................................................9

*Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019) ..........................................................9

*Thompson v. Ohio State University*, 990 F. Supp. 2d 801 (S.D. Ohio 2014) ..................................9

*United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952)................................................8

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002) ...........................................4

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).................................................................3

*Yoder v. University of Louisville*, No. 3:09CV-205-S,
   2011 WL 5434279 (W.D. Ky. Nov. 9, 2011) .............................................................................7

*Yoder v. University of Louisville*, No. 3:09-CV-205-S,
   2012 WL 1078819 (W.D. Ky. March 30, 2012).........................................................................7

*Yoder v. University of Louisville*, 526 Fed. Appx. 537 (6th Cir. 2013)....................................... 7-8

**INTRODUCTION**

As explained in Argument Sections I-III, the dismissal of the First, Second, and Third Causes of Action has become a virtual "no-brainer":

- **First Cause of Action**: Plaintiff concedes dismissal of the entire claim.

- **Second and Third Causes of Action**: Plaintiff concedes dismissal of the injunction claims. The declaratory judgment claims are official capacity claims, and her argument against mootness establishes that the Eleventh Amendment bars them. There are no damages claims, so nothing is left after dismissal of the injunction and declaratory judgment claims.

As explained in Section IV, Plaintiff is legally incorrect in arguing that her individual capacity declaratory judgment claims in the Fourth and Fifth Causes of Action remain live controversies that are not moot – she relies on out-of-circuit precedent, but the Sixth Circuit's case law is contrary to her position. And even if she were correct that these declaratory judgment claims that are paired with her individual capacity damages claims remain non-moot live controversies, then they should be dismissed on the merits, or on qualified immunity grounds, along with the damages claims with which they are paired, as explained in Section V of this brief.

In summary, all claims in this case should be dismissed:

|  | 1st Cause of Action | 2nd & 3rd Causes of Action & Official Capacity Portion of 5th Cause of Action | 4th & 5th Causes of Action Individual Capacity Claims |
|---|---|---|---|
| **Basis of Dismissal** | Plaintiff concedes dismissal as moot | **Injunction Claims**: Plaintiff concedes dismissal as moot<br>**Declaratory Judgment Claims**: Plaintiff concedes dismissal as moot if prospective; barred by Eleventh Amendment if retrospective | **Injunction Claims**: Plaintiff concedes dismissal as moot<br>**Declaratory Judgment Claims**: Plaintiff concedes dismissal as moot if prospective; moot under Circuit precedent; barred like damages claims if retrospective<br>**Damages Claims**: Without merit and barred by qualified immunity |

1

## ARGUMENT

I. **THE PARTIES AGREE THAT THE COURT SHOULD ENTIRELY DISMISS THE FIRST CAUSE OF ACTION AS MOOT.**

The easiest part of this motion is that the parties agree that the First Cause of Action should be dismissed in its entirety, although seeing why takes connecting a few dots.

The First Cause of Action seeks to have UTHSC's professionalism policies struck down as facially invalid (Complaint, ¶ 103), and seeks declaratory and injunctive relief (*id.*, ¶ 112), but not damages. As Plaintiff states: "The parties . . . agree that Diei's graduation moots her claims for ***prospective*** declaratory and injunctive relief." (Diei Reply p. 7, PageID 579) (emphasis in original). She separately admits that her claim that "the College of Pharmacy's professionalism policies are unconstitutionally overbroad on their face under the First and Fourteenth Amendments" – that is, the First Cause of Action – "[is] prospective." (*Id.* p. 5, PageID 577).

Putting these admissions together: Having (1) agreed that any claims for prospective relief are moot, and having (2) acknowledged that her First Cause of Action is such a prospective claim, Plaintiff has (3) agreed that the First Cause of Action should be dismissed as moot.

II. **THE PARTIES AGREE THAT THE COURT SHOULD ENTIRELY DISMISS ALL PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF AS MOOT.**

The next easiest part of this motion is that the parties agree that ***all*** of Plaintiff's claims for injunctive relief should be dismissed as moot. All five Causes of Action contain a request for injunctive relief. (Complaint, ¶¶ 112, 125, 140, 155, 165). Plaintiff makes no attempt to characterize these claims as requests for anything other than prospective relief, and as noted above she concedes that claims for prospective relief are moot. She asks the Court to deny "dismissal of Diei's claims for retrospective declaratory relief and monetary damages" (Diei Reply pp. 2 & 7, PageID 574 & 579), but does not similarly request denial of Defendants' motion seeking dismissal

of her claims for injunctive relief. The Court should dismiss all five Causes of Action to the extent they seek injunctive relief because dismissal is uncontested.

### III. THE COURT SHOULD DISMISS PLAINTIFF'S OFFICIAL CAPACITY CLAIMS FOR DECLARATORY RELIEF IN THE SECOND, THIRD AND FIFTH CAUSES OF ACTION ON ELEVENTH AMENDMENT GROUNDS.

Now comes a surprise plot twist. Plaintiff is advancing a theory under which her claims for declaratory relief in the Second through Fifth Causes of Action are not moot because they seek "retrospective" rather than "prospective" relief. The merits of that argument will be addressed in the next section of this brief regarding the individual capacity claims in the Fourth and Fifth Causes of Action. But here what is important is that, rather than saving her official capacity claims, Plaintiff's revelation that her official capacity declaratory judgment claims do not seek prospective relief simply establishes that the claims must be dismissed on a different jurisdictional ground from mootness: The Eleventh Amendment.

As the Court is well aware from the many § 1983 cases the Court has overseen, the Eleventh Amendment to the United States Constitution precludes a § 1983 suit against the State and likewise prevents an ***official*** capacity suit against a state actor. That is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). But there is an exception for prospective relief. "'Under the *Ex parte Young* exception, a federal court can issue ***prospective*** injunctive and declaratory relief compelling a state official to comply with federal law . . . . The *Ex parte Young* exception ***does not***, however, ***extend to any retroactive relief***.'" *Kanuszewski v. Mich. Dep't of Health and Human Svcs.*, 927 F.3d 396, 417 (6th Cir. 2019) (emphases supplied, including red "any") (quoting *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008)). That is, the *Ex parte Young* doctrine

3

can be used only for alleged "***ongoing*** violations of federal law." *Morgan v. Bd. of Prof. Resp. of the Supreme Court of Tenn.*, 63 F.4th 510, 515-16 (6th Cir. 2023) (emphasis added). In short, "*Ex parte Young* applies ***only when a plaintiff targets 'an ongoing violation of federal law and seeks' prospective relief***." *Mikel v. Quin*, 58 F.4th 252, 256-57 (6th Cir. 2022) (emphasis added) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

In trying to run away from the mootness created by her graduation, Plaintiff affirmatively states that none of her claims for declaratory relief (other than the one in the First Cause of Action) is "prospective," and argues that these claims merely "ask the court to declare that Defendants violated Diei's constitutional rights ***in the past***." (Diei Reply p. 5, PageID 577) (emphasis added). She specifically argues for the non-mootness of only her "claims for . . . ***retrospective*** declaratory relief." (*Id*. p. 7, PageID 579) (emphasis added). And she makes clear she is ***not*** alleging any ongoing, continuing violation of federal law; she admits that "as she is no longer subject to the College's professionalism policies, the Court can no longer provide concrete prospective relief." (*Id*., p. 12, PageID 584).

Unfortunately for the Plaintiff, in running away from the mootness created by her graduation, she runs smack into the Eleventh Amendment and establishes, by her own words, that she does not meet the requirements of *Ex parte Young* for asserting a declaratory judgment claim against the Defendants in their official capacities. To qualify for subject matter jurisdiction under *Ex parte Young*, she must be seeking ***prospective*** relief to put a stop to an ***ongoing*** violation of federal law; but she unequivocally asserts that she is seeking ***retrospective*** relief regarding an alleged violation of federal law that she concedes is ***not ongoing*** but is rather "in the past" because "she is no longer subject to the College's professionalism policies."

4

Thus, regarding the official capacity claims, there is no need for the Court to entertain the Plaintiff's distinction between prospective claims and retrospective claims, because she is on the horns of a dilemma: If the official capacity declaratory judgment claims seek prospective relief, she concedes they are moot; if they seek retrospective relief, they are barred by the Eleventh Amendment; either way, the Court lacks subject matter jurisdiction over them.[1]

Finally, even if the Court did have jurisdiction over these official capacity declaratory judgment claims, the Court should dismiss them as moot for the same reason the Court should dismiss the individual capacity declaratory judgment claims, as explained in Section IV.

### IV. THE COURT SHOULD DISMISS PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS FOR DECLARATORY RELIEF IN THE FOURTH AND FIFTH CAUSES OF ACTION AS MOOT UNDER CIRCUIT PRECEDENT.

In seeking to avoid dismissal of her individual capacity declaratory judgment claims, Plaintiff does not rely on Sixth Circuit decisions, but rather on *PeTA v. Rasmussen*, 298 F.3d 1198 (10th Cir. 2002) and *Crue v. Aiken*, 370 F.3d 668 (7th Cir. 2004), arguing that declaratory judgment actions seeking "retrospective" relief that are paired with damages claims are not moot even if accompanying claims for injunctive relief are moot. (Diei Reply pp. 8-10, PageID 580-82).

---

[1] Defendants acknowledge that Eleventh Amendment immunity was not the basis of their motion, but they did not anticipate that Plaintiff would characterize her claims for declaratory relief as "retrospective." These claims do not appear to be retrospective, in particular the Second Cause of Action where Plaintiff asserted a facial challenge (Complaint ¶ 117) the same as in the First Cause of Action (which she says seeks prospective relief) and alleged that "[w]ithout declaratory . . . relief from this Court, Diei **_will suffer_** continuing and irreparable harm **_indefinitely_**" (Complaint ¶ 125, emphases supplied). In any event, "the Eleventh Amendment is a **_true jurisdictional bar_** that courts can – but are not required to – raise *sua sponte* at any stage in litigation, and, once raised as a jurisdictional defect, must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (emphasis added). *See also Jones v. United States*, No.2:20-cv-02331-JTF-tmp, 2021 WL 981298 at *2 (W.D. Tenn. March 16, 2021) (Fowlkes, J.) (characterizing Eleventh Amendment immunity as an issue of subject matter jurisdiction). Plaintiff's latest filing opened the door to this jurisdictional defect, Defendants have raised it, and so now, under *Russell*, the Court "must . . . decide[ it] before the merits."

Assuming (without conceding)² that she is correct in her interpretation of these cases (which do not involve student graduation situations as do the Sixth Circuit cases Defendants cited), the short answer to this argument is: We are in the Sixth Circuit, and that is not the law in the Sixth Circuit.

For example, in *Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996), a prisoner brought a Section 1983 claim asserting that the prison where he was incarcerated improperly screened his mail. The district court granted summary judgment dismissing the case on the merits. The Sixth Circuit reversed, ruling that the prisoner had proffered evidence of a violation of his rights sufficient to survive summary judgment, and accordingly remanded the case for a determination of his damages claim. But, by the time the appeal was decided, Kensu had been moved to another prison. So the Sixth Circuit held: "However, to the extent Kensu seeks ***declaratory*** and injunctive ***relief*** his claims are now ***moot*** as he is no longer confined to the institution that searched his mail." *Id*. at 175 (emphases added). Kensu's declaratory judgment claim was of the type the Plaintiff here would describe as "retrospective," and was paired with a damages claim – yet the Sixth Circuit held it to be moot. According to Westlaw, *Kensu* has been cited for this proposition 725 times. *See* screenshot attached as **Exhibit A**. It is thus apparent that the Sixth Circuit does not ascribe to the doctrines Plaintiff finds in cases from the Seventh and Tenth Circuits.

---

² *PeTA* did not find a viable declaratory judgment claim, and Plaintiff misstates the holding in saying the court ruled PeTA "'ha[d] standing to assert' its claims [plural] for retrospective declaratory relief." (Diei Reply p. 9, PageID 581). The court actually said "PeTA has standing to assert its claim [singular] for retrospective [it does not say 'declaratory'] relief," meaning the damages claim, as the court clearly stated that "PeTA has standing ***only*** in regards to its claim that it is entitled to monetary damages," and described the declaratory judgment claim as "superfluous." 298 F.3d at 1203 and n.2 (emphasis added). And in *Powell v. McCormack*, 395 U.S. 486 (1969), the Court issued no holding on the mootness of a declaratory judgment claim ("We conclude that Powell's claim for back salary remains viable . . . and thus find it unnecessary to determine whether the other issues have become moot"), and the injunction claim in the case did not fail on mootness grounds as Plaintiff suggests (Diei Reply p. 8, PageID 580), but rather because it lacked "sufficiently definite" averments. 395 U.S. at 496, 498-99.

More to the point, Defendants cited a Sixth Circuit case virtually "on all fours": a First Amendment social media case involving a student who had graduated while the case was pending and the court upheld dismissal of both declaratory relief and injunctive relief claims as moot. *Yoder v. Univ. of Louisville*, 526 Fed. Appx. 537, 543 (6th Cir. 2013) (explained in the opening brief at PageID 540). Plaintiff's response to *Yoder* is: "The Sixth Circuit in that case stated that it agreed with the district court that the plaintiff's graduation mooted her claims for declaratory relief. . . . But the district court decision did not address or even mention declaratory relief." (Diei Reply p. 11, PageID 583). Defendants respectfully submit that attempting to deconstruct a Sixth Circuit decision by attacking the appellate court's understanding of the district court record is an inappropriate way to deal with Circuit precedent. In any event, Plaintiff is wrong. In its November 9, 2011 order, the district court denied the mootness motion to dismiss, explaining that "with a claim for damages remaining, ***the case*** has not be[en] rendered moot by Yoder's graduation." *Yoder v. Univ. of Louisville*, No. 3:09CV-205-S, 2011 WL 5434279 at *3 (W.D. Ky. Nov. 9, 2011) (emphasis added). In its later final order dated March 30, 2012, the district court referred back to this ruling, explaining that "[o]n November 9, 2011, this court held that Yoder's ***claim for damages*** under 42 U.S.C. § 1983 had not been rendered moot." *Yoder v. Univ. of Louisville*, 3:09CV-205-S, 2012 WL 1078819 at *4 (W.D. Ky. Mar. 30, 2012) (emphasis added). The case contained claims for both declaratory and injunctive relief in addition to the damages claim. *See Yoder* Complaint (**Exhibit B**, available on Pacer). While the district court's ruling was not a model of clarity, it seems apparent that what the court meant was that the entire "case" was not moot because there was at least one non-moot "claim" left – the damages claim – and that the damages claim (and it alone) was what would go forward. The Sixth Circuit so interpreted the district court's decision – and affirmed it – saying that, despite the non-mootness of the damages claim: "We

7

agree . . . with the district court's conclusion that Yoder's claim for . . . declaratory relief . . . fails." 526 Fed. Appx. at 543.

Plaintiff notes that in *Hooban v. Boling*, 503 F.2d 648 (6th Cir. 1974), the case contained claims for both injunctive relief and declaratory relief in addition to a claim for damages, and the Sixth Circuit (apparently *sua sponte*) said in a footnote that "[w]e view the prayer for injunctive relief as moot since Mr. Hooban already has graduated from the law school." *Id*. at 650 n.1. From there, she jumps to the conclusion that "courts ought to decide a student-plaintiff's claims for damages and declaratory relief even if their injunctive relief is moot." (Diei Reply p. 12, PageID 584). But, since (1) the *Hooban* court did not indicate that any party had argued mootness and (2) the court upheld the dismissal of the claims on merits grounds that would have covered all forms of relief and never indicated it was specifically addressing the declaratory judgment claim rather than the damages claim, the court's offhand failure separately to address whether or not the claim for declaratory relief was moot provides no basis for this Court to issue a ruling contrary to *Yoder*, *Kensu*, and other more recent Sixth Circuit decisions. *Cf. United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) ("this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.").[3]

The law of the Sixth Circuit is that a claim for declaratory relief is mooted by a student's graduation, even when paired with a damages claim as was the case in *Yoder*. The Fourth and Fifth Causes of Action should be dismissed as moot to the extent they seek declaratory relief.

---

[3] Plaintiff's citation of *Sandison v. Michigan High School Athletic Ass'n, Inc*., 64 F.3d 1026 (6th Cir. 1995), an injunction case, is out of place in an argument about declaratory relief. And her interpretation of the case as allowing a claim for "essentially retrospective" relief (Diei Reply p. 11, PageID 583) is wrong – the court did not say that "retrospective" relief was involved, but rather held that the district court's order enjoining future conduct (in the future, taking action to require the forfeiture of past victories) was not mooted by plaintiffs' graduation. *Id*. at 1030.

8

### V. THE COURT SHOULD DISMISS THE FOURTH AND FIFTH CAUSES OF ACTION IN THEIR ENTIRETY.

Plaintiff's brief shows she cannot carry her burden to overcome qualified immunity.

Plaintiff relies on *Thompson v. Ohio State University*, 990 F. Supp. 2d 801 (S.D. Ohio 2014), which she mistakenly characterizes as "Sixth Circuit precedent." (Diei Reply p. 14, PageID 586).  Not only is that decision not Supreme Court or Sixth Circuit precedent, but also it is not persuasive out-of-jurisdiction authority because (1) it is readily distinguishable on its facts; (2) the case's history is that the judge later, in the final decision, essentially recanted the intermediate decision upon which Plaintiff relies; and (3) the ultimate outcome of the case was the ***granting of qualified immunity*** (the same result Defendants ask for here). *See* Defendants' Consolidated Reply Mem. of Law in Support of Defendants' Motion to Dismiss (ECF #35), pages 5-6 (PageID 376-77).  Plaintiff's continued reliance on this decision is mystifying.

Plaintiff also cites *Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019).  That case is distinguishable in several respects, and is about ***standing***, not about what constitutes a violation of the First Amendment on the merits. *See* Defendants' Consolidated Reply Mem. of Law in Support of Defendants' Motion to Dismiss (ECF #35), pages 6-7 (PageID 377-78).

Plaintiff is wrong to assert that merely investigating or instituting disciplinary proceedings against a student violates the First Amendment because it might chill her speech (Diei Reply p. 16, PageID 588).  Other than the discredited Ohio District Court *Thompson* case, she cites no case even suggesting as much.  Defendants cited many cases to the contrary, which establish that there is no adverse action if the University's final decision is favorable to the student (*see* PageID 184-191 & PageID 372-382, especially *Benison v. Ross*, 765 F.3d 649 (6th Cir. 2014)). *See also Sensabaugh v. Halliburton*, 937 F.3d 621, 629 (6th Cir. 2019) (First Amendment social media case; applying "chill a person of ordinary firmness" standard and finding no adverse action where

9

employee was suspended with pay pending investigation by outside counsel – even though that investigation could (and did) result in the termination of his employment and loss of livelihood).

The Court could easily dismiss this case on the merits, but the simpler basis for dismissal is that, for the reasons explained in previous filings,[4] the individual-capacity Defendants are entitled to qualified immunity. The Court should dismiss the damages claims in the Fourth and Fifth Cause of Actions either on the merits or on qualified immunity grounds or both. If the Court does so, the declaratory judgment claims should be dismissed as well. Those claims are due to be dismissed for the same reason as the damages claim, and also as moot because if the Court has found them to be non-moot based on their being paired with damages claims (which Defendants believe would be contrary to Circuit precedent), then they would be moot after the dismissal of the damages claims because they would no longer be paired with damages claims.

## **CONCLUSION**

The Defendants respectfully request the Court to dismiss this lawsuit.

Respectfully submitted this 5th day of July, 2023.

> /s/ Frank H. Lancaster
> Frank H. Lancaster, BPR # 030650
> Associate General Counsel, University of Tennessee,
> 505 Summer Place – UT Tower 1159
> Knoxville, TN 37902
> (865) 974-2544
> flancast@tennessee.edu
>
> Attorney for Defendants

---

[4] *See* Mem. of Law in Support of the Individual Capacity Defendants' Motion to Dismiss the Fourth and Fifth Causes of Action (ECF #24-1, pages 18-20, PageID 192-194); Consolidated Reply Mem. of Law in Support of Defendants' Motions to Dismiss (ECF #35, pages 11-15; PageID 382-386); Defendants' June 30, 2021 Response to Notice of Supplemental Authority, pages 4-6 (copy included as ECF #64-4, PageID 558-564); Mem. of Law in Support of Defendants' Motion to Dismiss All Claims for Declaratory and Injunctive Relief for Lack of Subject Matter Jurisdiction – Mootness (ECF # 64-1, pages 6-8; PageID 542-44).

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 5, 2023, a copy of the foregoing memorandum was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's electronic filing system.

                                                                                   */s/ Frank H. Lancaster*